IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CANDACE CHISM

      Plaintiff,

vs.                                  CASE NO:
                                       DIVISION:

DT CREDIT COMPANY, LLC

      Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, CANDACE CHISM, by and through her undersigned counsel, and sues Defendant, DT CREDIT COMPANY, LLC (hereinafter referred to as "DT CREDIT"), stating as follows:

1. This is an action for damages that does not exceed $15,000.00.

2. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.72 et seq. ("FCCPA") and out of the invasions of Plaintiff's personal and financial privacy by Defendant, DT CREDIT, and its agents, in their illegal efforts to collect a consumer debt from Plaintiff, CANDACE CHISM.

3. Plaintiff, CANDACE CHISM, is a natural person, of the full age of majority, and a resident and domiciliary of Hillsborough County, Florida.

4. Defendant, DT CREDIT, is an Arizona limited liability company, with its principal place of business in Phoenix, Arizona, and is authorized to conduct business in the State of Florida and is a "person" under Florida Statute § 559.72.

5. At all times material hereto, Defendant, DT CREDIT, had knowledge of Title 47 of the United States Code, Section 227(b)(3) ("TCPA"), and its terms and prohibitions. It would have been possible for Defendant to avoid violating the terms of the TCPA.

6. At all times material hereto, Defendant's conduct with regard to the debt described throughout the Complaint qualifies as a "communication" as defined by Florida Statute § 559.55.

7. All conduct of Defendant, DT CREDIT, alleged by Plaintiff was authorized and/or ratified by one or more officers, directors, or managers of Defendant and Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, oppressive, and done knowingly with intent, with malice, and without cause.

8. At all times mentioned herein, the agents and/or employees of Defendant, DT CREDIT, acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect a debt from Plaintiff.

## FACTUAL AND PROCEDURAL BACKGROUND

9. Plaintiff, CANDACE CHISM, incurred a financial obligation with Defendant, DT CREDIT, which was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by Florida Statute § 559.55.

10. On or about April 26, 2013, Plaintiff, CANDACE CHISM, retained the Law Offices of Robert M. Geller, P.A., with regard to all existing claims of indebtedness, and for the filing of a Chapter 7 Bankruptcy.

11. On or about April 27, 2013, at 9:30 a.m., Plaintiff received a telephone call from "Justin," an agent or employee of Defendant, DT CREDIT, in an attempt to collect a debt. Plaintiff advised that she had retained an attorney with respect to the debt and for the filing of a Chapter 7 Bankruptcy and provided her attorney's name and contact information. "Justin" informed Plaintiff that collections would continue until she had a bankruptcy case number.

12. On or about April 29, 2013, at 12:16 p.m., Plaintiff, CANDACE CHISM, received a telephone call from an agent or employee of Defendant, DT CREDIT, in an attempt to collect a debt. Plaintiff advised that she had retained an attorney with respect to the debt and for the filing of a Chapter 7 Bankruptcy and provided her attorney's name and contact information. The representative stated that Plaintiff signed a contract and that they would continue to communicate with her, despite the fact that she was represented by counsel.

13. On or about May 1, 2013, at 10:33 a.m., Plaintiff received a telephone call from "Mike," an agent or employee of Defendant, DT CREDIT, in an attempt to collect

a debt.

14. On or about May 3, 2013, at 1:38 p.m., Plaintiff received a telephone call from "Mike," an agent or employee of Defendant, DT CREDIT, in an attempt to collect a debt.

15. On or about May 4, 2013, at 9:32 a.m., Plaintiff, CANDACE CHISM, received a telephone call from Defendant, DT CREDIT, in an attempt to collect a debt. Defendant left a recorded voicemail message, using an artificial or pre-recorded voice, on Plaintiff's cellular telephone phone.

16. On or about May 6, 2013, at 1:02 p.m., Plaintiff received a telephone call from "Mike," an agent or employee of Defendant, DT CREDIT, in an attempt to collect a debt.

17. On or about May 7, 2013, at 5:21 p.m., Plaintiff received a telephone call from "Mike," an agent or employee of Defendant, DT CREDIT, in an attempt to collect a debt.

18. On or about May 8, 2013, at 11:47 a.m., Plaintiff received a telephone call from "Mike," an agent or employee of Defendant, DT CREDIT, in an attempt to collect a debt.

19. On or about May 9, 2013, at 4:22 p.m., Plaintiff received a telephone call from "Mike," an agent or employee of Defendant, DT CREDIT, in an attempt to collect a debt.

20. On or about May 10, 2013, at 4:06 p.m., Plaintiff received a telephone call from "Mike," an agent or employee of Defendant, DT CREDIT, in an attempt to collect

a debt.

21. On or about May 14, 2013, at 2:34 p.m., Plaintiff received a telephone call from "Mike," an agent or employee of Defendant, DT CREDIT, in an attempt to collect a debt.

### COUNT I – VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

22. Plaintiff, CANDACE CHISM, incorporates the allegations of paragraphs 1 through 12, and paragraph 15, of this Complaint.

23. Defendant, DT CREDIT, is subject to, and has violated the provisions of 47 U.S.C. § 227(b)(1)(A) by using an automatic telephone dialing system and/or an artificial or pre-recorded voice to call Plaintiff's cellular telephone without her prior express consent.   To the extent Defendant did have such prior express consent, such consent was revoked upon Defendant's call to Plaintiff of April 27, 2013 and April 29, 2013 wherein Defendant was informed not to call her again and to contact her attorney.

24. Each call made to Plaintiff that was in violation of the TCPA was a call made knowingly, willfully, and consciously in violation of the TCPA.

25. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:

   a.  Periodic loss of cellular telephone service;

   b.  Statutory damages under the TCPA.

WHEREFORE, Plaintiff, CANDACE CHISM, requests judgment against Defendant, DT CREDIT, for $500.00 in statutory damages for violation of the TCPA, treble statutory damages per knowing and willful violation of the TCPA, actual damages,

costs, interest, including but limited to those awardable pursuant to the TCPA, and such

other equitable relief this Court deems appropriate.

## COUNT II – VIOLATION OF FLA. STAT. § 559.72(18)

26. Plaintiff, CANDACE CHISM, incorporates the allegations of paragraphs 1

through 21 of this Complaint.

27. Florida Statute § 559.72(18) provides,

> **"In collecting consumer debts, no person shall communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.**

28. Defendant, DT CREDIT, knew that Plaintiff, CANDACE CHISM, was

represented by an attorney and had knowledge of her attorney's contact

information.

29. Despite being informed that Plaintiff, CANDACE CHISM, had an attorney with

respect to the debt, Defendant, DT CREDIT, continued to contact Plaintiff in an

attempt to elicit payment from her, in direct violation of Florida Statute §

559.72(18).

WHEREFORE, Plaintiff, CANDACE CHISM, requests judgment against

Defendant, DT CREDIT, for statutory damages in the amount of $1,000.00, and actual

damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT III – VIOLATION OF FLA. STAT. § 559.72(9)

30. Plaintiff, CANDACE CHISM, incorporates the allegations of paragraphs 1 through 12, of this Complaint.

31. Florida Statute § 559.72(9) provides,

> **"In collecting consumer debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."**

32. By asserting that that Defendant could continue to contact Plaintiff until she received a bankruptcy case number, Defendant illegally asserted the existence of a legal right that Defendant knew did not exist.

33. The law in the state of Florida is that contact must cease once Defendant had knowledge that Plaintiff is represented by counsel, yet Defendant incorrectly asserted that Defendant could continue to contact Plaintiff until they had a bankruptcy case number.

34. The assertions made by the agents or employees of Defendant, DT CREDIT, were clearly illegitimate and are a direct violation of Florida law.

35. Defendant's assertions frustrated Plaintiff and caused her great stress and anxiety.

WHEREFORE, Plaintiff, CANDACE CHISM, requests judgment against Defendant, DT CREDIT, for statutory damages in the amount of $1,000.00, and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT IV – VIOLATION OF FLA. STAT. § 559.72(7)

36. Plaintiff, CANDACE CHISM, incorporate the allegations of paragraphs 1 through 21 of this Complaint.

37. Florida Statute § 559.72(7) provides,

> **"In collecting consumer debts, no person shall willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."**

38. Defendant, DT CREDIT, knew that Plaintiff could not pay the debt, that she was filing bankruptcy, and that she had counsel for all claims of indebtedness.

39. The repeated telephone contact made by Defendant, DT CREDIT, was abusive and amounted to the harassment of Plaintiff, CANDACE CHISM, in violation of Florida Statute § 559.72(7).

WHEREFORE, Plaintiff, CANDACE CHISM, requests judgment against Defendant, DT CREDIT, for statutory damages in the amount of $1,000.00, and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT V – INVASION OF PRIVACY

40. Plaintiff, CANDACE CHISM, incorporate the allegations of paragraphs 1 through 21 of this Complaint.

41. Defendant, DT CREDIT, and its agents, intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion, and/or private concerns or affairs of Plaintiff, CANDACE CHISM, namely by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

42. Defendant, DT CREDIT, intentionally and/or negligently caused emotional harm to Plaintiff, CANDACE CHISM, by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's

right to privacy.

43. Defendant, DT CREDIT, and its agents undertook a series of communications to Plaintiff's home constituting an invasion of privacy. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, frighten, embarrass and/or humiliate Plaintiff into paying a debt.

44. The said invasions by Defendant, DT CREDIT, and its agents were intentional, willful, and malicious, and violated the Plaintiff's privacy. Said invasions were regular, continuous and systematic, harassing, and unreasonable collection efforts and violated Plaintiff's privacy.

45. Plaintiff, CANDACE CHISM, had a reasonable expectation of privacy in solitude, seclusion, private concerns or affairs, and private financial information.

46. The conduct of Defendant, DT CREDIT, resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

47. As a result of such invasion of privacy by Defendant, DT CREDIT, and its agents, Defendant and its agents have caused Plaintiff, CANDACE CHISM, to suffer emotional distress, embarrassment and humiliation.

WHEREFORE, Plaintiff, CANDACE CHISM, requests judgment against Defendant, DT CREDIT, for actual damages and any further relief that may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, CANDACE CHISM, demands trial by jury in this action.

Respectfully submitted this 27th day of April, 2015.

Frank T. Papa, Esquire
FL Bar # 150355
Kristin E. Scully, Esquire
FL Bar # 106158
Law Offices of Robert M. Geller, P.A.
807 West Azeele Street
Tampa, Florida 33606
Phone: (813) 254-7687
Facsimile: (813) 253-3405
Primary E-mail: rmglawsc@gmail.com
Secondary E-mail: kscully@robertgellerlaw.com
Attorneys for Plaintiff